**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001025
18-APR-2012
11:02 AM**

NO. CAAP-11-0001025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Estate of DALE KANANI TIM SING, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(PROBATE NO. 05-1-307)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Respondent-Appellant Marlene Tim Sing (Appellant Marlene Sing) has asserted from the Honorable Glenn S. Hara's November 3, 2011 "Order Granting Petition for Removal of Personal Representative for Cause and Appointment of Successor Personal Representative" (the November 3, 2011 interlocutory order) because the November 3, 2011 interlocutory order is not independently appealable pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) and Rule 34 of the Hawai'i Probate Rules (HPR).

HRS § 641-1(a) is the law that authorizes appeals from a probate court's final judgments, orders, or decrees. Appeals

under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HPR Rule 34, which generally requires the entry of a judgment for an appeal:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
>
> (b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.
>
> (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Hawaii Revised Statutes Annotated Court Rules, HPR Rule 34 cmt. (Michie 2010). Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties

pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Furthermore, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Therefore, under HRS § 641-1 and HPR Rule 34, a probate court order is eligible for appellate review only if the probate court either

(a)   reduces the order to a separate and final judgment pursuant to HPR Rule 34(a),

(b)   certifies the order for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP) pursuant to HPR Rule 34(a), or

(c)   certifies the order for appeal in accordance with HRS § 641-1(b) pursuant to HPR Rule 34(b).

On December 23, 2011, the record on appeal for appellate court case number CAAP-11-0001025 was filed, at which time the record on appeal did not contain a separate and final judgment, as HPR Rule 34(a) requires for an appeal. The probate court has not certified the November 3, 2011 interlocutory order in the manner provided by HRCP Rule 54(b). The probate court has not certified the November 3, 2011 interlocutory order for an interlocutory appeal in accordance with HRS § 641-1(b). Therefore, the November 3, 2011 interlocutory order is not eligible for appellate review pursuant to HRS § 641-1(a) and HPR Rule 34.

Although common law exceptions to the final judgment requirement exist under the Forgay doctrine, Forgay v. Conrad, 47

-3-

U.S. 201 (1848), and the collateral order doctrine, the November 3, 2011 interlocutory order does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).

Absent an appealable judgment or an appealable order that satisfies the requirements for an appeal under HRS § 641-1(a) and HPR Rule 34, this appeal in Appeal No. CAAP-11-0001025 is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 18, 2012.

Presiding Judge

Associate Judge

Associate Judge